UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C.C., as assignee, C.L.C., as assignee, S.C., as assignee, G.F., as assignee, C.H., as assignee, Laura Kim, as assignee and guardian for R.K., as assignee, C.C.M., as assignee, D.A.M., as assignee, R.N., as assignee, J.R., as assignee, B.A.T., as assignee, B.L.T., as assignee, S.W., as assignee, M.A., as assignee, J.B., as assignee, J.W., as assignee, D.Q.M., as assignee, Brian Frazier, as assignee and guardian for K.F., J.H., as assignee, and A.L., as assignee,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES FIDELITY & GUARANTY COMPANY; GRANITE STATE INSURANCE COMPANY; INSURANCE COMPANY OF NORTH AMERICA; FEDERAL INSURANCE COMPANY; TRANSAMERICA INSURANCE COMPANY; WESTPORT INSURANCE CORPORATION; and FIREMAN'S FUND INSURANCE COMPANY,<br><br>Defendants. | CASE NO. 3:24-cv-05535-TMC<br><br>STIPULATED PROTECTIVE ORDER |

1.  **PURPOSES AND LIMITATIONS**

    Discovery in this action is likely to involve production of confidential, proprietary, or

private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.  The parties further acknowledge that this Order does not constitute or effect a waiver of any party's right to object to discovery requests or the discoverability of information or documents sought in this matter.

2. <u>"CONFIDENTIAL MATERIAL"</u>

"Confidential Material," for purposes of this Order, shall include the following documents and tangible things produced or otherwise exchanged: discovery material that is not in the public domain and that contains or relates to confidential settlement agreements and negotiations in connection therewith; confidential information related to or belonging to non-parties, including claim files and underwriting files related to the underlying liabilities and policies; confidential financial information; competitively sensitive proprietary information; information that any party believes in good faith reflects trade secrets, or other non-public information that, if disclosed, could damage an existing or potential customer, client, or investor relationship.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material.

However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

STIPULATED PROTECTIVE ORDER - 2

4.1     Basic Principles. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2     Disclosure of Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must

STIPULATED PROTECTIVE ORDER - 3

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order and the front page of the deposition transcript shall include the disclaims, "Contains Confidential Material Subject to Protective Order";

    (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h)    The receiving party's reinsurers, retrocessionaires, regulators, or government agencies to whom reporting obligations are owed, and the receiving party's auditor's and accountants.

    4.3    <u>Filing Confidential Material</u>. Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the Confidential Material designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Confidential Material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    <u>DESIGNATING CONFIDENTIAL MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Confidential Material for Protection</u>. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure of discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualify for protection, the designating party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential Material. If a party or non-party desires to protect Confidential

STIPULATED PROTECTIVE ORDER - 5

Material at trial, the issue should be addressed during the pre-trial conference.

          (c)    <u>Other tangible items</u>: the designating party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the designating party, to the extent practicable, shall identify the protected portion(s).

     5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIAL MATERIAL DESIGNATIONS

     6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of Confidential Material at any time. Unless a prompt challenge to a designating party's Confidential Material designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a Confidential Material designation by electing not to mount a challenge promptly after the original designation is disclosed.

     6.2    <u>Meet and Confer</u>. The parties must first make every attempt to resolve any dispute regarding Confidential Material designations without court involvement. Any motion regarding Confidential Material designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

     6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local

STIPULATED PROTECTIVE ORDER - 6

Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7. <u>CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Material that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER - 7

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE CONFIDENTIAL MATERIAL</u>

When a designating party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party may return all Confidential Material to the designating party, including all copies, extracts and summaries thereof. In the alternative, the receiving party may keep the Confidential Material in its possession, if the receiving party agrees to abide by the terms of this Order going forward after the dismissal of this action or entry of a final judgment, not subject to further appeal.

Notwithstanding this provision, counsel are entitled to retain archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material.

The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or the Court orders otherwise.

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  DATED: February 28, 2025

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant United States Fidelity and Guaranty Company

By *s/ Nancy A. Brownstein*
Everett W. Jack, Jr., WSBA No. 47076
Steven Caplow, WSBA No. 19843
Nancy A. Brownstein, WSBA No. 50150
Adam E. Jones, WSBA No. 50159
Kristen L. Price, WSBA No. 59175

920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 757.8018
stevencaplow@dwt.com
nancybrownstein@dwt.com

560 10th Avenue, Suite 700
Portland, OR 97205
Telephone: (503)778-5245
everettjack@dwt.com
adamjones@dwt.com
kristenprice@dwt.com

DATED: February 28, 2025

PFAU COCHRAN VERTETIS AMALA PLLC
Attorneys for Plaintiff

By *s/ Kevin M. Hastings*
Darrell L. Cochran, WSBA No. 22851
Kevin M. Hastings, WSBA No. 42316
Christopher E. Love, WSBA 42832
Bridget T. Grotz, WSBA No. 54520
909 A Street, Suite 700
Tacoma, WA 98402
Telephone: (253) 777-0799
darrell@pcvalaw.com
kevin@pcvalaw.com
chris@pcvalaw.com
bgrotz@pcvalaw.com

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:24-CV-05535-TMC  - 9

Dated: February 28, 2025

COZEN O'CONNOR
Attorneys for Defendants Insurance Company of North America and Federal Insurance Company

By *s/ Jonathan Toren*
Jonathan Toren, WSBA No. 46896
Jeremy Knight, WSBA No. 58607
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: (206) 340-1000
jtoren@cozen.com
jknight@cozen.com

-and-

WALKER WILCOX MATOUSEK, LLP

By *s/ Christopher A. Wadley*
Christopher A. Wadley (pro hac vice)
One North Franklin Street, Suite 3200
Chicago, IL 60606
Telephone: (202) 984-1400
cwadley@walkerwilcox.com

DATED: February 28, 2025

JENSEN MORSE BAKER PLLC
Attorneys for Defendant Granite State Insurance Company

By *s/ Gabriel Baker*
Gabriel Baker, WSBA No. 28473
Benjamin Roesch, WSBA No. 39960
520 Pike Street, Suite 2375
Seattle, WA 98101
Telephone: (206) 682-1550
gabe.baker@jmblawyers.com
benjamin.roesch@jmblawyers.com

STIPULATED PROTECTIVE ORDER - 10

Dated: February 28, 2025

MURPHY ARMSTRONG FIRM, LLP
Attorneys for Defendant Westport Insurance Corporation

By *s/ James P. Murphy*
James P. Murphy, WSBA No. 18125
Brian C. Armstrong, WSBA No. 31974
719 Second Avenue, Suite 701
Seattle, WA 98104
Telephone: (206) 985-9770
jpm@maflegal.com
bca@maflegal.com

-and-

RUGGERI PARKS WEINBERG LLP

By *s/ Nicholas Yu*
Edward B. Parks (pro hac vice)
Nicholas Yu (pro hac vice)
James P. Ruggeri (pro hac vice)
1875 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 984-1400
eparks@ruggerilaw.com
nyu@ruggerilaw.com
jruggeri@ruggerilaw.com

STIPULATED PROTECTIVE ORDER - 11

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the designating party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED this 28th day of February, 2025

_____
Tiffany M. Cartwright
United States District Judge