THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C.C., as assignee, C.L.C., as assignee, S.C., as assignee, G.F., as assignee, C.H., as assignee, Laura Kim, as assignee and guardian for R.K., as assignee, C.C.M., as assignee, D.A.M., as assignee, R.N., as assignee, J.R., as assignee, B.A.T., as assignee, B.L.T., as assignee, S.W., as assignee, M.A., as assignee, J.B., as assignee, J.W., as assignee, D.Q.M., as assignee, Brian Frazier, as assignee and guardian for K.F., J.H, as assignee, and A.L., as assignee,<br><br>　　　　　　　　　　　Plaintifs,<br><br>　　vs.<br><br>UNITED STATES FIDELITY & GUARANTY COMPANY, GRANITE STATE INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, FEDERAL INSURANCE COMPANY, TRANSAMERICA INSURANCE COMPANY, WESTPORT INSURANCE CORPORATION, AND FIREMAN'S FUND INSURANCE COMPANY,<br><br>　　　　　　　　　　　Defendants. | No. 3:24-cv-05535-TMC<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR THE RELEASE OF RECORDS** |

THIS MATTER having come on for consideration before The Honorable Tiffany M. Cartwright on Plaintiffs' Unopposed Motion for the Release of Records.

Under the Civil Rules, a party may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. But the court can limit discovery for numerous reasons, including that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "These general discovery limitations apply with equal force to subpoenas to third parties." *Fernandez-Medina v. Olivarez*, 320CV05703RAJJRC, 2022 WL 4120167, at *1 (W.D. Wash. Sept. 9, 2022). "A court can quash or modify a subpoena that does not seek information that falls within the broad scope of permissible discovery." *Id*. A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense" on the subpoena's target and the court from which the subpoena issues must enforce this restriction. *See* Fed. R. Civ. P. 45 (d)(1). The court must balance relevance, the requesting party's need for the information, and the hardship to the subpoena's target. *Fernandez-Medina*, 2022 WL 4120167, at *1.

Under the district's local rules, the Court presumes that Defendants' lack of opposition is a concession that the motion has merit. LCR 7(b)(2). Additionally, Plaintiffs have demonstrated that the medical records are relevant and that the request is proportional to the needs of the case. Plaintiffs have also attempted to obtain the records through less burdensome means and shown that the records are obtainable only through the Medical Providers who treated McCarthy. *See Fernandez-Medina*, 2022 WL 4120167, at *1 (compelling nonparty medical provider to release relevant treatment records for plaintiff's

ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR THE RELEASE OF
RECORDS

(Cause No. 3:24-cv-05535-TMC) | Page 2

claim where medical provider issued no objections to subpoena but failed to comply); *Snapp v. United Transp. Union*, C10-5577 RBL, 2014 WL 5365552, at *2 (W.D. Wash. Oct. 21, 2014) (compelling production of nonparty medical records when requesting party demonstrated that records were discoverable, likely relevant, and that there was a good faith need for them; the nonparty had ample notice of the request; and the "records [were] not available from any other source") (emphasis removed).

Now, therefore, it is hereby ORDERED that Plaintiffs' Unopposed Motion for the Release of Records is GRANTED.

The Court orders the release of Charles McCarthy's medical records between January 1, 2010 to December 31, 2020 from the following Medical Providers: Pioneer Family Practice; Capital Medical Center. All records produced in response to this Order allowing the release of Charles McCarthy's medical records SHALL be treated as confidential under the parties' stipulated protective order. [Dkt. 78].

DATED this 20th day of October, 2025.

_____
HONORABLE TIFFANY M. CARTWRIGHT

Presented By:

**PFAU COCHRAN VERTETIS AMALA PLLC**

By: *s/ Kevin M. Hastings*
Kevin M. Hastings, WSBA No. 42316
909 A St, Ste 700
Tacoma, WA 98402
253-289-1412

kevin@pcvalaw.com
*Attorney for Plaintiffs*

ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR THE RELEASE OF
RECORDS

(Cause No. 3:24-cv-05535-TMC) | Page 4