UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT KEE, et al.,

Plaintiffs,

v.

UNITED STATES FIDELITY &
GUARANTY COMPANY, et al.,

Defendants.

Case No. 3:24-cv-05535-TMC

ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL (DKT. 109),
AND DENYING REQUEST FOR IN
CAMERA REVIEW

Plaintiffs filed a motion to compel against defendants United States Fidelity & Guaranty Company ("USF&G"), Insurance Company of North American and Federal Insurance Company (together "Chubb"), and Granite State Insurance Company ("GSIC") (together, "defendants"), and asserted the defendants failed to properly designate and describe information that was not disclosed in their respective privilege logs, based on attorney-client privilege and work product protection. Dkt. 109. This motion was referred to the Magistrate Judge by the Honorable Tiffany M. Cartwright.

The Court will not repeat the basic factual context, as the parties are familiar with the underlying litigation in state court, and the allegations of the Amended Complaint in this case. Plaintiffs assert in their motion to compel that defendants' attorneys (Christopher Wadley, Jonathan Toren, Gabriel Baker, and Scott Meyers) were engaged in quasi-fiduciary tasks of investigating and evaluating or processing insurance claims, and therefore, the attorney-client privilege does not apply. As for work product

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
(DKT. 109), AND DENYING REQUEST FOR IN
CAMERA REVIEW - 1

protection, plaintiffs assert the insurers' claims files, including notes and documents that comprise the claims files, should not be protected by the work-product doctrine because the documents would have been created regardless of the pending litigation. Plaintiffs assert that defendants did not split claims files for McCarthy and Cornwell, and one global file was kept to document, adjust, and settle the Kiwanis, McCarthy, and Cornwell claims together.

Plaintiffs contend that because documentation of the carriers' investigative steps, evaluation efforts, and settlement efforts as to each claimant are extensively comingled, it appears defendants are withholding any information that has a bearing on claims against Kiwanis, resulting in heavily redacted claims notes and thousands of withheld communications that could be relevant.

Plaintiffs request the Court order defendants to turn over the withheld information. In the alternative, plaintiffs request that the Court conduct an *in camera* review of the documents and communications being withheld or appoint a special master (at the expense of plaintiffs) to conduct an *in camera* review and to handle the discovery issues. Dkt. 109.

The parties have fully briefed the issues presented by plaintiffs' motion; the plaintiffs have filed five briefs (Dkts. 109, 125, 132, 148, 155), evidence and exhibits (Dkt. 110 [including exhibits 1-39]; Dkt. 126 [including exhibits 1-10]) to support the motion (Dkt. 109), and three defendants filed a total of nine briefs (Dkts. 113, 115, 117, 128, 131, 149, 152, 153, 154) evidence and exhibits (Dkts. 114, 116, 118, 119, 120, 121, 145, 146, 147) and updated privilege logs (Dkts. 145-1, 146-1, 147-1) to support their responses.

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
(DKT. 109), AND DENYING REQUEST FOR IN
CAMERA REVIEW - 2

Legal framework

The Court is reviewing the issues in a case of diversity jurisdiction (Dkt. 5, Amended Complaint, at 6); the only portion of the discovery issues raised by plaintiff governed by Washington State law is the substantive *Cedell* argument. *MKB Constructors v. Am. Zurich Ins. Co.,* C13-0611-JLR, 2014 WL 2526901 (W.D. Wash., May 27, 2014).

Applying Washington law, the Court considers attorney-client privilege in first-party bad-faith insurance cases under the holding in *Cedell v. Farmers Ins. Co. of Washington,* 176 Wn. 2d 686, 699 (2013).

Under *Cedell*, this Court begins with the "presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process," and that the attorney-client privilege is "generally not relevant." *Id.*

A defendant insurer may overcome this "presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability; for example, whether or not coverage exists under the law." *Id.* But even if the insurer overcomes the presumption of discoverability, an insured may still overcome the assertion of attorney-client privilege by showing "a reasonable person would have a reasonable belief that an act of bad faith tantamount to civil fraud has occurred" and by demonstrating "a foundation to permit a claim of bad faith to proceed." *Id.* at 700.

The work-product doctrine is a procedural immunity that protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
(DKT. 109), AND DENYING REQUEST FOR IN
CAMERA REVIEW - 3

by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The work-product doctrine is governed by Federal Rule of Civil Procedure 26(b)(3) and applicable federal case law. The work-product doctrine only applies to documents prepared in anticipation of litigation or for trial, by or for another party, or by or for that other party's representative. *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). If a document would have been created in substantially similar form in the normal course of business, work product protection would not apply to such a business document — even if litigation is anticipated. *In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d 900, 908 (9th Cir. 2004).

When a document serves a dual purpose—the document was not prepared *exclusively* for litigation—the Ninth Circuit applies the "because of" standard. *Id.* at 907. Under this standard, dual purpose documents are deemed prepared because of litigation if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Id.* (citation omitted). In applying the "because of" standard, courts do not consider "whether litigation was a primary or secondary motive behind the creation of a document." *Id.* at 908. Instead, courts consider the totality of the circumstances to determine whether the "document was created because of anticipated litigation and would not have been created in substantially similar form but for the prospect of litigation." *Id.* (citation omitted).

Even if documents are prepared in anticipation of litigation, they still may be subject to discovery if the requesting party shows "substantial need" for the materials and the inability to obtain their equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii).

When a court orders disclosure of work product under this standard, however, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Such materials, known as "opinion" work product, represent the "core types of work product" the doctrine was designed to protect. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 n.3 (9th Cir. 2014).

In a first-party bad-faith insurance action, the insured may still obtain "opinion" work product; but, doing so requires a "showing beyond the substantial need/undue hardship test required for non-opinion work product." *Barge v. State Farm Mut. Auto. Ins. Co.*, No. C16-0249-JLR, 2016 WL 6601643, at *5 (W.D. Wash. Nov. 8, 2016) (cleaned up). The insured must demonstrate that the "mental impressions are at issue and their need for the material is compelling." *Id.* (cleaned up). "At a minimum, compelling need requires that the information sought is not available elsewhere or through the testimony of another witness." *Id.*

To make the requisite showing that would justify in camera review of allegedly privileged information, the party seeking to compel production must state "a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation,* 974 F.2d 1068, 1075 (9th Cir. 1992). Unfounded suspicion is not enough to trigger in camera review. *Rock River Communications, Inc. v. Universal Music Grp., Inc.,* 745 F.3d 343, 353 (9th Cir. 2014); *Cedar Grove Composting, Inc. v. Ironshore Spec. Ins. Co.,* C14-1443-RAJ, 2015 WL 9315539, at *7 (W.D. Wash. December 23, 2015).

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
(DKT. 109), AND DENYING REQUEST FOR IN
CAMERA REVIEW - 5

Analysis: attorney-client privilege

There is ongoing litigation in state court concerning the acts and omissions that allegedly happened at the Kiwanis Vocational Home, and in this federal court litigation, plaintiffs name as defendants several insurance companies. Dkt. 5, Amended Complaint at 3-6; Dkt. 76 (transcript of hearing on defendants' motion for stay). At an earlier point in this case, objecting to the defendants' motion for stay (Dkt. 56), the plaintiffs confirmed they were not seeking documents from the defendants' claims files. *See* Dkt. 62 at 14-15; Dkt. 76 at 24-36. Plaintiffs have not provided reasons for their changed position on this point. The record shows they have not provided a factual basis sufficient for the Court to find a reasonable, good-faith belief that in camera inspection may reveal evidence would meet the *Cedell* criteria for compelling the defendants to reveal the information for which attorney-client privilege has been asserted. Plaintiffs have not made a showing "a reasonable person would have a reasonable belief that an act of bad faith tantamount to civil fraud has occurred" nor have they demonstrated "a foundation to permit a claim of bad faith to proceed." *Cedell v. Farmers Ins. Co. of Washington,* 176 Wn. 2d 686, 700 (2013). The bad faith, tantamount to civil fraud, would require that plaintiffs show: (1) defendants engaged in or planned a fraud at the time of the allegedly privileged communication; and (2) the allegedly privileged communication was made in furtherance of the fraudulent activity. *MKB Constructors v. Am. Zurich Ins. Co.,* C13-0611-JLR, 2014 WL 2526901, at *5 (W.D. Wash., May 27, 2014) (discussing *Barry v. USAA,* 98 Wn. App. 199 (1999)).

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
(DKT. 109), AND DENYING REQUEST FOR IN
CAMERA REVIEW - 6

Here, the privilege logs have been updated and are in compliance with Fed. R. Civ. P. 26(b)(5)(A). Dkt. 145-1 (Chubb); Dkt. 146-1 (U.S.F.G.); Dkt. 147-1 (Granite State); *see In re Grand Jury Investigation,* 974 F.2d 1068, 1071 (9th Cir. 1992). As Judge Robart discussed in *MKB Constructors v. Am. Zurich Ins. Co.,* C13-0611-JLR, 2014 WL 2526901, at *10 (W.D. Wash., May 27, 2014), the privilege log must state the nature of the document or communication being withheld, the privilege or other legal basis for withholding, identify the senders and receivers of the document or information, and date the document or information was generated, prepared, or dated, sufficient to allow the other party to determine whether the invocation of privilege or other legal protection is warranted.

The Court has reviewed the defendants' privilege logs (updated as directed under the Court's previous order, Dkt. 134 at 9-12), the evidence presented by all parties, including excerpts from depositions, and declarations, and finds that defendants have shown the information being redacted or completely withheld from production would not support an inference that the lawyers were involved in claims investigation or claims adjusting.

This is the threshold question – were the attorneys involved in the quasi-fiduciary tasks of investigating and evaluating or processing the claim; and only if the Court answers this in the affirmative would any of the information be subject to the Washington Supreme Court's holding in *Cedell.*

In this case, plaintiffs point to evidentiary citations in the record. Dkt. 148 at 2-7.Yet these citations do not establish any of the attorneys (Wadley, Toren, Baker, or

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
(DKT. 109), AND DENYING REQUEST FOR IN
CAMERA REVIEW - 7

Meyers) investigated, controlled, or managed the claims adjusting; the privilege logs and other evidence show the assertion of attorney-client privilege is warranted; the privilege log entries state these attorneys were providing legal advice about potential risks, assessments of liability concerning litigation or settlement, and applying law to facts relating to coverage. The additional evidence provided by the parties corroborates the privilege log entries. And there is no showing that (1) defendants engaged in or planned a fraud at the time of the allegedly privileged communication; or (2) the allegedly privileged communication was made in furtherance of the fraudulent activity. Therefore, plaintiff's motion to compel under *Cedell* is denied.

Analysis: work product

The Court also finds, in the portions of the privilege logs that defendants have specified would be subject to protection based on work product, they have shown that the information being withheld on the bases discussed in *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 n.3 (9th Cir. 2014).

The documents are described in the privilege logs as strategic discussion or legal opinion, all of which was litigation-driven. Litigation has been ongoing for years and continues in Washington State Courts while this federal litigation proceeds. The documents and communications identified as work product relate to that underlying litigation, and have been identified as containing the strategies and opinions of counsel, rather than information being relayed between attorney and client that is solely factual. *See Shaterian v. Mapfire Ins. Co.,* 24-cv-01509-TL, 2025 WL 1592259 (June 5, 2025) (noting that work product protection is reviewed only under federal law, and the Court

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
(DKT. 109), AND DENYING REQUEST FOR IN
CAMERA REVIEW - 8

does not apply the *Cedell* analysis). Plaintiffs have not established a substantial need for the attorney work product, or inability to obtain the equivalent by other means.

Plaintiffs' arguments for in camera inspection raise only unfounded suspicion, not a reasonable good-faith belief of an erroneous assertion of attorney-client privilege and demand for access to the entire set of claims files under *Cedell*, or work product protection.

Therefore, the Court denies plaintiffs' motion to compel, denies the request for in camera review, and denies the request for a special master.

Dated this 23rd day of February, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
(DKT. 109), AND DENYING REQUEST FOR IN
CAMERA REVIEW - 9